# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MG FREESITES LTD,

    Plaintiff,

      v.

SCORPCAST, LLC d/b/a HAULSTARS,

    Defendant.

C.A. No. 20-1012-CFC

**JURY TRIAL DEMANDED**

## PLAINTIFF MG FREESITES LTD'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT SCORPCAST'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF TEXAS

Frank M. Gasparo
fmgasparo@venable.com
Christopher M. Gerson
cgerson@venable.com
Jonathan M. Sharret
jsharret@venable.com
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
(212) 307-5500

Dated: March 2, 2021

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Plaintiff MG Freesites Ltd*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

I. NATURE AND STAGE OF PROCEEDINGS ................................................ 1

II. SUMMARY OF THE ARGUMENT ........................................................ 1

III. STATEMENT OF FACTS ................................................................. 3

IV. ARGUMENT ............................................................................... 6

    A. The case should not be transferred pursuant to the first-filed rule. ........................................................................................... 6

        1. The first-to-file rule does not apply because the parties in this case do not substantially overlap with the parties in the EDTX Actions. .................................................................. 6

            a. The parties are substantially different. ............................. 6

            b. Scorpcast's cases are inapposite. ..................................... 8

        2. Even if the parties were the same, the first-to-file rule still would not apply. .................................................................. 10

            a. The forum shopping exception precludes application of the first-to-file rule. ................................. 10

                i. Freesites did not engage in forum shopping. ....... 10

                ii. Scorpcast engaged in forum shopping. ................ 11

            b. The customer suit exception precludes application of the first-to-file rule. ..................................................... 13

            c. The "unjust or inefficient" exception precludes application of the first-to-file rule. ................................. 16

    B. The case should not be transferred pursuant to 28 U.S.C § 1404. ....... 17

        1. The private interest factors do not favor Texas. ...................... 17

        2. The public interest factors do not favor Texas. ........................ 20

V.    CONCLUSION....................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Select Retrieval, LLC*,
　No. 3:12-CV-2342-GPC-WMC, 2014 WL 497441
　(S.D. Cal. Feb. 6, 2014) ...........................................................................7

*Apple Inc. v. Wi-LAN Inc.*,
　No. C 14-2838 CW, 2014 WL 4477362 (N.D. Cal. Sept. 11, 2014) ..................7

*Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*,
　859 A.2d 989 (Del. 2004) ........................................................................21

*Carl Zeiss Meditec, Inc. v. Optovue, Inc.*,
　No. 10-084-GMS, 2011 WL 1419714
　(D. Del. Apr. 12, 2011) ...........................................................................20

*Children's Network, LLC v. PixFusion LLC*,
　722 F. Supp. 2d 404 (S.D.N.Y. 2010) ........................................................7

*Elecs. for Imaging, Inc. v. Coyle*,
　394 F.3d 1341 (Fed. Cir. 2005) ................................................................9

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
　737 F.3d 704 (Fed. Cir. 2013) ..................................................................8

*Garcia v. Vasilia*,
　319 F. Supp. 3d 863 (S.D. Tex. 2018) ......................................................18

*Genentech v. Eli Lilly & Co.*,
　998 F.2d 931 (Fed. Cir. 1993) ...........................................................10, 16

*Glenayre Elecs., Inc. v. Jackson*,
　443 F.3d 851 (Fed. Cir. 2006) ................................................................16

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
　No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398
　(E.D. Tex. Jan. 24, 2017) ........................................................................15

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ....................................................................13

*Google Inc. v. Rockstar Consortium U.S. LP*,
    No. C 13-5933 CW, 2014 WL 1571807
    (N.D. Cal. Apr. 17, 2014) ......................................................................8, 14, 15

*ICHL, LLC v. NEC Corp. of Am.*,
    No. 5:08CV65, 2009 WL 1748573
    (E.D. Tex. June 2, 2009) ............................................................................19, 20

*Intellectual Ventures I LLC v. Altera Corp.*,
    842 F. Supp. 2d 744 (D. Del. 2012) ..................................................................19

*Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC*,
    2017 WL 3582235 (D.S.C. Aug. 18, 2017) .......................................................19

*Kahn v. General Motors Corp.*,
    889 F.2d 1078 (Fed. Cir. 1989) ................................................................6, 9, 10

*Lycos, Inc. v. TiVo, Inc.*,
    499 F. Supp. 2d 685 (E.D. Va. 2007) .................................................................6

*In re Nitro Fluids L.L.C.*,
    978 F.3d 1308 (Fed. Cir. 2020) ........................................................................21

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    No. 2:04-CV-359, 2006 WL 887391 (E.D. Tex. Mar. 28, 2006)..................7, 11

*PPS Data, LLC v. Diebold, Inc.*,
    No. 2:12-CV-12-TC, 2012 WL 1884655 (D. Utah May 22, 2012)....................12

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    No. 11-902-LPS-CJB, 2012 WL 4889438
    (D. Del. Oct. 15, 2012) ....................................................................................17

*Ricoh Co. v. Aeroflex, Inc.*,
    279 F. Supp. 2d 554 (D. Del. 2003)............................................................13, 16

*Scovill Mfg. Co. v. Sunbeam Corp.*,
    357 F. Supp. 943 (D. Del. 1973)................................................................17, 20

*Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*,
    458 F.3d 1335 (Fed. Cir. 2006) ........................................................................10

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
    676 F. Supp. 2d 321 (D. Del. 2009)..................................................................9

## I.    NATURE AND STAGE OF PROCEEDINGS

This is an action for declaratory judgment of non-infringement of U.S. Patent No. 9,965,780 ("the '780 patent").  Defendant ("Scorpcast") moved to transfer venue to the Eastern District of Texas (D.I. 15 ("Br.")) pursuant to: (1) the first-to-file rule; and (2) 28 U.S.C. § 1404.

Plaintiff ("Freesites") hereby opposes Scorpcast's motion to transfer.

## II.    SUMMARY OF THE ARGUMENT

1.    <u>The case should not be transferred pursuant to the first-to-file rule.</u>

*First*, the parties in this case substantially differ from the parties in the cases that Scorpcast filed in the Eastern District of Texas ("EDTX Actions").  None of the eighteen defendants in the EDTX Actions is a party to this case.  And Freesites is not a party to the EDTX Actions.  So the first-filed rule does not apply.

*Second*, the forum shopping exception precludes application of the first-to-file rule.  Scorpcast deliberately omitted Freesites from the EDTX Actions.  It did not sue Freesites at the outset of those cases.  Nor did Scorpcast attempt to add Freesites to the EDTX Actions prior to the deadline to join parties.  Moreover, ***after*** Freesites filed this case, Scorpcast sued Freesites in the ***Western*** District of Texas ("WDTX Action") for allegedly infringing six patents related to the '780 patent based on its operation of the Pornhub website at-issue here.  Scorpcast then belatedly

sought to add Freesites to the EDTX Actions only *after* it became apparent that the WDTX Action could and should be transferred to this Court.

*Third*, the customer suit exception also precludes application of the first-to-file rule.  Scorpcast's argument to the contrary rests on a semantic distinction between a customer and content partner.  But that distinction has no support in the case law, which uniformly eschews rigid rules in favor of a flexible standard aimed at efficiency.  And adjudicating whether the Pornhub website infringes the '780 patent once in this forum against the operator of that website instead of eighteen times against users of the website achieves that efficiency goal.

*Fourth*, even if the customer suit and forum shopping exceptions did not apply, the broader "unjust or inefficient" exception applies and mandates adjudicating the sprawling disputes together in this Court—Scorpcast's home forum—rather than across two Texas forums that have no connection to the parties or alleged patent infringement.

2.  <u>The case should not be transferred pursuant to Section 1404.</u>

None of the convenience factors favor transfer to Texas because the facts of this case have no connection to Texas.  Neither party is incorporated in Texas. Neither party has a principal place of business in Texas.  Neither party has an office in Texas.  Neither party has an employee in Texas.  No third party witness known at this time resides in Texas.  And no relevant documents are in Texas.

## III.   STATEMENT OF FACTS

On June 16, 2020, Scorpcast filed the EDTX Actions, alleging that eighteen defendants infringe the '780 patent through their use of the Pornhub website.  *See, e.g.*, D.I. 1-1 ¶ 22 ("Defendant is a content creator . . . and operates as a content partner of . . . Pornhub").  When it filed its complaints in the EDTX Actions, Scorpcast had access to publicly-available information identifying Freesites as the operator of the Pornhub website at-issue in those actions.  Ex. 1 at 1, 11 ("The Websites [including www.pornhub.com] are operated by MG Freesites Ltd, Block 1, 195-197 Old Nicosia-Limassol Road, Dali Industrial zone, Cyprus 2540.").[1]  Yet Scorpcast did not name Freesites as a defendant in the EDTX Actions.

Scorpcast served infringement contentions in the EDTX Actions shortly after filing its complaint.  Those contentions rely on the Pornhub website for each element of asserted claims.  *See* D.I. 12 Exs. 8-10.  And they are substantively identical across content partners.  *Id.*

Freesites filed this case on July 28, 2020.  At that time, Scorpcast had not attempted to add Freesites as a defendant in the EDTX Actions.  Nor was any other litigation pending between Freesites and Scorpcast.

---

[1] "Ex." refers to an exhibit to the declaration of Christopher M. Gerson, submitted herewith.

On September 28, 2020, Scorpcast: (1) moved to dismiss this action (D.I. 10); and (2) filed the WDTX Action, alleging, among other things, that Freesites infringes eight patents (six of which are related to the '780 patent) through its operation of the Pornhub website (D.I. 12 Exs. 1-7).[2]

Two days later, the deadline to join parties in the EDTX Actions passed.  Ex. 3 at 4.  Scorpcast made no attempt to add Freesites as a party to the EDTX Actions before that deadline.  Nor did it try to add Freesites as a party to the EDTX Actions at any point over the ensuing four months.

On January 22, 2021, Freesites moved to transfer the WDTX Action to this District pursuant to the first-to-file rule, in view of the overlapping parties, subject matter, patent families, products, claim terms, specifications, infringement issues, and witnesses (including inventors) in this case and the WDTX Action.  Ex. 2.

Two weeks later, on February 5, 2021, Scorpcast filed an amended complaint in the EDTX Actions with allegations directed towards Freesites.  Scorpcast improperly filed that complaint ***more than four months after the September 30, 2020 deadline to join parties***—without seeking or obtaining leave of the Court.  Ex.

---

[2] Scorpcast's motion to dismiss misplaces the focus on the absence of an express accusation against Freesites itself.  As explained in Freesites's opposition to Scorpcast's motion to dismiss, the complaints in the EDTX Actions implicitly accuse Freesites of infringing the '780 patent by invoking the product at-issue here—the Pornhub website operated by Freesites—more than four hundred times, including in the definition of "Accused Instrumentalities."  D.I. 1 ¶¶ 4-6; D.I. 1-1.

3 at 4.  Defendants moved to strike the amended complaint, as Scorpcast did not even attempt to show good cause to modify the scheduling order.  Scorpcast subsequently moved to join Freesites to the EDTX Action.  Again, however, Scorpcast neither addressed Rule 16 nor offered any justification for failing to timely add Freesites.

Finally, on February 16, 2021, Scorpcast filed the subject motion to transfer this case to the Eastern District of Texas.  Shortly thereafter, Defendants in the EDTX Actions informed Scorpcast that they would be moving to stay those litigations in view of this case and the customer suit exception.  Ex. 4.

In sum, Scorpcast tried to litigate against eighteen of Freesites's content partners—but not Freesites itself—in a district that has no ties to those parties or causes of action.  Because that litigation campaign placed a cloud over Freesites and the Pornhub website that it operates, Freesites properly brought this action against Scorpcast in Scorpcast's home forum.  Scorpcast then belatedly attempted to litigate against Freesites in the Western District of Texas.  And now, Scorpcast is trying to avoid litigating in its home forum by moving this action to the Eastern District of Texas, where it initially chose not to sue Freesites and where it failed to add Freesites prior to the deadline to join parties.

## IV.   ARGUMENT

### A.   The case should not be transferred pursuant to the first-filed rule.

#### 1.   The first-to-file rule does not apply because the parties in this case do not substantially overlap with the parties in the EDTX Actions.

The first-to-file rule does not apply because the EDTX Actions involve eighteen parties that are not parties to this case.  Scorpcast's own authority makes clear that the first-filed rule requires that "***the same parties*** as well as the same issues are involved in the two actions."  *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (citation omitted) (emphasis added).

##### a.   The parties are substantially different.

None of the eighteen defendants in the EDTX Actions is a party in this case.  And Freesites is not a party to the EDTX Action.  Thus, this case and the EDTX Actions involve nineteen non-overlapping parties and only one (Scorpcast) overlapping party.[3]  Courts routinely refuse to apply the first-file rule where, as here, the parties do not substantially overlap.  *See, e.g., Lycos, Inc. v. TiVo, Inc*., 499 F. Supp. 2d 685, 696 (E.D. Va. 2007) ("In this case, the declaratory judgment action was filed after Lycos filed this action, but it was filed by an entity that is not a party

---

[3] Freesites never "admi[tted]" that this case substantially overlaps with the EDTX Actions.  Br. at 6.  Scorpcast alludes to Freesites's motion to transfer the WDTX Action to this forum, yet glosses over the dispositive distinction between that motion and the subject motion: the WDTX Action—unlike the EDTX Actions—involves the same parties as this case.

to this action.  Identity of parties is, therefore, lacking."); *Apple Inc. v. Wi-LAN Inc*., No. C 14-2838 CW, 2014 WL 4477362, at *6 (N.D. Cal. Sept. 11, 2014) (finding transfer inappropriate "where the potential transferee court may be familiar with the *patents* at issue but not with all of the *parties*").

In *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., for example, plaintiff argued that "the first suit involving the '722 patent was filed in [the Texas] court, pointing to its lawsuit against Taiwan Sumida," one of defendant MPS's customers. No. 2:04-CV-359, 2006 WL 887391, at *1-2 (E.D. Tex. Mar. 28, 2006).  The Court rejected plaintiff's attempt to keep its case against MPS in Texas because the "the first-filed suit involving the '722 patent and MPS and O2 Micro was filed in the Northern District of California."  *Id.* at *2.  Likewise here, the first suit involving the '780 patent, Freesites, and Scorpcast was filed here, so this Court should adjudicate it.  Similarly, in *Adobe Sys. Inc. v. Select Retrieval, LLC*, "Adobe [was] not a party to the First[-Filed] Delaware Action," which involved Adobe's customers.  No. 3:12-CV-2342-GPC-WMC, 2014 WL 497441, at *4 (S.D. Cal. Feb. 6, 2014).  The Court refused to apply the first-filed rule because the parties in the first- and second-filed cases were "neither the same nor substantially similar."  *Id.*

This result would not change even if Scorpcast had properly joined Freesites in the EDTX Actions (which it did not), as the purported joinder undisputedly occurred after this case had been filed.  *See Children's Network, LLC v. PixFusion*

*LLC*, 722 F. Supp. 2d 404, 412 (S.D.N.Y. 2010) ("Plaintiffs filed this declaratory judgment action . . . approximately three weeks before PixFusion added Sprout and the Comcast plaintiffs as defendants in the Texas action.  As such, this Court was the first to acquire jurisdiction over the dispute between PixFusion and the plaintiffs.").[4]

### b.    Scorpcast's cases are inapposite.

Scorpcast cites no authority applying the first-to-file rule where, as here, the cases at-issue involved nearly twenty non-overlapping parties.

In *Futurewei Techs., Inc. v. Acacia Research Corp*., Smartphone sued Huawei in Texas, and the next day Huawei brought a declaratory judgment action against Smartphone. 737 F.3d 704, 706 (Fed. Cir. 2013).  It was "not disputed that the district court properly invoked the first-to-file rule to dismiss counts 1-10, which request[ed] declaratory judgments of non-infringement and invalidity of the five patents already" asserted against Huawei in Texas.  *Id.* at 708.[5]  Similarly, in *Teleconference*

---

[4]  Scorpcast emphasizes that Freesites's counsel represents content partners but neglects to acknowledge that Freesites's counsel has appeared on behalf of only six of the eighteen content partners.  Regardless, Scorpcast cites no case applying the first-to-file rule where counsel overlapped but parties did not.

[5]  In addition, "the present situation is not equivalent to the 'substantially similar' parties that were implicated in *Futurewei*, which were a patent owner, its exclusive licensee, and the licensee's wholly-owned subsidiary/assignee."  *Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 WL 1571807, at *9 (N.D. Cal. Apr. 17, 2014), citing *Futurewei*, 737 F.3d at 705-06.  By contrast, the relationship between Freesites and the content partners is akin to manufacturer and

*Sys. v. Proctor & Gamble Pharm., Inc*., the declaratory judgment plaintiff (Cisco) was named as a defendant in the first-filed action.  676 F. Supp. 2d 321, 324 (D. Del. 2009).  Unlike Huawei and Cisco, Freesites is not a party to the purportedly "first-filed" cases, *i.e.*, the EDTX Actions.  Nor can it be joined at this stage.  *See* Section III.

In *Kahn v. General Motors Corp*., the declaratory judgment plaintiff and defendant agreed that the plaintiff could not be liable for infringement.  889 F.2d 1078, 1080-81 (Fed. Cir. 1989). The Court therefore overturned a stay of the first-filed infringement suit, as the second-filed declaratory judgment action would not dispose of any infringement issues in the first-filed case. *Id.* Here, by contrast, Scorpcast accuses Freesites of infringement, and adjudicating those claims in this case likely will leave nothing left to litigate against the eighteen content partners in the EDTX Actions.  *See* Section IV(A)(II)(b).

In *Elecs. for Imaging, Inc. v. Coyle*, the Court did not rule on any transfer motion but rather reversed the dismissal of a declaratory judgment lawsuit because plaintiff there, like Freesites, was "entitled under the Declaratory Judgment Act to . . . remove itself from 'the shadow of threatened infringement litigation.'" 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citation omitted).

---

customer, a well-established exception to the first-filed rule.  *See id.*; Section IV(A)(II)(b).

Finally, *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys*., 458 F.3d 1335, 1343 (Fed. Cir. 2006) and *Genentech v. Eli Lilly & Co*., 998 F.2d 931, 937 (Fed. Cir. 1993) turned on universities' Eleventh Amendment immunity.

> ### 2. Even if the parties were the same, the first-to-file rule still would not apply.

> #### a. The forum shopping exception precludes application of the first-to-file rule.

Even if the parties in this case matched those in the EDTX Actions, transfer still should be denied in view of Scorpcast's forum shopping, which provides an exception to the first-filed rule. *See, e.g.*, *Kahn*, 889 F.2d at 1081.

> ##### i. Freesites did not engage in forum shopping.

Freesites, a foreign corporation, has no "home" forum. It sued Scorpcast—when no other cases were pending between the parties—in Scorpcast's home forum, Delaware. Scorpcast accuses Freesites of "gamesmanship" (Br. at 5) but cites no authority finding forum shopping where, in the absence of any pending litigation between the parties, plaintiff sued in defendant's home forum.

Accepting Scorpcast's theory and disregarding Freesites's choice of forum in this situation would set a new and unworkable precedent. It would eviscerate the Declaratory Judgment Act and first-to-file rule by immunizing patentees from lawsuits in their home forum and forcing declaratory judgment plaintiffs to litigate in the forum of patentee's choosing. *See Coyle*, 458 F.3d at 1348 ("The considerations affecting transfer to or dismissal in favor of another forum do not

10

change simply because the first-filed action is a declaratory action.") (citation omitted).

### ii.      Scorpcast engaged in forum shopping.

Scorpcast, unlike Freesites, engaged in forum shopping. It sued the content partners in the Eastern District of Texas despite having no ties to that forum. And Scorpcast decided to omit Freesites from the EDTX Actions notwithstanding publicly available information identifying Freesites as the operator of the Pornhub website at-issue in each of those cases. *See* Ex. 1 at 1, 11 ("The Websites are operated by MG Freesites Ltd . . ."). Then, during the pendency of this action, Scorpcast simultaneously: (1) argued that no case or controversy existed regarding whether Freesites's operation of Pornhub infringed the '780 patent (D.I. 10); and (2) filed a lawsuit against Freesites for infringement of six patents in the same family based on Freesites's operation of Pornhub—not in the Eastern District of Texas, but in the Western District of Texas. Only after Freesites properly moved to transfer that WDTX Action to this Court under the first-filed rule did Scorpcast attempt to add Freesites to the EDTX Actions (in violation of a scheduling order with a deadline to join parties that had passed four months earlier) and transfer this case to the Eastern District of Texas.

Courts have consistently held that parties employing similar tactics have engaged in forum shopping. For example, in *O2 Micro Int'l Ltd. v. Monolithic*

*Power Sys., Inc*., the Court granted MPS's motion to transfer to the Northern District of California, where the Judge had stated that, "[i]f either party has engaged in forum shopping, it is O2 Micro, which chose to sue in Texas at a time when it had two lawsuits against [defendant] pending in this District." No. 2:04-CV-359, 2006 WL 887391, at *1 (E.D. Tex. Mar. 28, 2006). Similarly here, Scorpcast chose to sue Freesites in the Western District of Texas while litigating against Freesites in this Court. And it never sought to add Freesites to the EDTX Actions until it became apparent that the WDTX Action could be transferred to this Court.

Moreover, in *PPS Data, LLC v. Diebold, Inc*., the Court explained that it "need not mandate a rigid application of the [first-to-file] rule when a plaintiff uses it to protect a second choice of forum." No. 2:12-CV-12-TC, 2012 WL 1884655, at *2 (D. Utah May 22, 2012). Scorpcast could have sued Freesites in the Eastern District of Texas at the outset of the EDTX Actions. Or, it could have added Freesites prior to the September 30, 2020 deadline to join parties. Scorpcast, however, chose not to litigate against Freesites in that forum. Scorpcast chose the Western District of Texas to adjudicate its dispute against Freesites concerning infringement of the '780 patent family. But it filed that lawsuit too late, as Freesites had already chosen this Court to adjudicate that controversy. Scorpcast now seeks transfer to its "second choice of forum," *i.e*., the Eastern District of Texas. *Id*. The

first-filed rule accords no deference to that choice.  *See id*. (finding such "procedural

fencing . . . merits an exception to the first-to-file rule").

### b.   The customer suit exception precludes application of the first-to-file rule.

The customer suit exception also precludes application of the first-to-file rule.

*See Ricoh Co. v. Aeroflex, Inc*., 279 F. Supp. 2d 554, 557 (D. Del. 2003) (cited by

Scorpcast, Br. at 4) ("[A] manufacturer's declaratory judgment suit should be given

preference over a patentee's suit against the manufacturer's customers when those

customers are being sued for their ordinary use of the manufacturer's products.").

Scorpcast recognizes this exception but deems it inapplicable based on its belief that

Freesites's content partners are not "customers."  Br. at 3 n.3.[6]  Scorpcast, however,

relies on cases that contradict its unsupported theory.

Scorpcast cites *In re Google Inc*., 588 F. App'x 988 (Fed. Cir. 2014) (Br. at

12), where the Court rejected rigid classifications in the context of the customer suit

exception.  *Id*. at 991 (adhering to a "flexible approach" rather than a "mechanical

solution" or "precise rule") (citation omitted).   In *Google*, Rockstar filed five

---

[6] While Scorpcast feigns ignorance of Freesites' relationship with its content partners (*id*.), Scorpcast's complaint in the WDTX Action contains thirty paragraphs detailing Scorpcast's understanding of that relationship. D.I. 12 Ex. 1 ¶¶ 33-63. And the pertinent aspects are publicly available. Ex. 5 ("What is the Content Partner Program? . . . Through the use of video features on our homepage, your content is promoted to our users which will direct traffic back to your pay-site, with the intention of converting them into paying members. In turn, we would receive a share of this revenue through your affiliate program.").

complaints in the Eastern District of Texas, alleging that defendants infringed Rockstar's patents by making and selling mobile devices. *Id.* at 989. Google later filed a declaratory judgment in the Northern District of California. *Id.* Google's complaint alleged that "Rockstar's litigation campaign has placed a cloud on Google's Android platform," and sought a declaration that "any version of Google's Android platform" did not infringe Rockstar's patents. *Id*. Rockstar then amended its Texas complaint to add Google. *Id.*

The district court found that the case fell "outside the usual 'customer-suit exception.'" *Id.* at 990. The "customer" defendants in the Eastern District of Texas actions were not mere "resellers" of a Google product; rather, those defendants were themselves manufacturers who modified the Android operating system to incorporate it into the accused devices that they made and sold. *Id*. Nevertheless, the Federal Circuit found that the "customer" lawsuits in Texas should be stayed while the declaratory judgment action proceeded in the Northern District of California. *Id*. at 992.[7]

The Federal Circuit emphasized that Rockstar "provided nearly identical infringement contentions to all defendants that rely almost exclusively on the underlying functionalities provided in the base Android source code provided by

---

[7] Defendants in the EDTX Actions will be moving to stay those proceedings in view of this case and the customer suit exception to the first-filed rule. Ex. 4.

Google" (*id.* at 990)—just as Scorpcast provided nearly identical infringement contentions to all defendants in the EDTX Actions that rely almost exclusively on the underlying functionalities of the Pornhub website operated by Freesites.  *See* Section III; D.I. 12 Exs. 8-10.  It made no difference whether the Texas "customer" defendants in *Google* were "resellers," mobile phone manufacturers," or, as Google referred to them, "partners."  *Id.* at 989-90.  The holding did not turn on labels but rather on the subject of the infringement allegations.  Because those allegations focused on an operating system that the single declaratory judgment plaintiff supplied to multiple parties, the Court found that the declaratory judgment action would further efficiency objectives by "mooting or at least advancing the 'major premises' being litigated in the Texas actions."  *Id.* at 991 (citation omitted); *see also Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc*., No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *10 (E.D. Tex. Jan. 24, 2017) (upholding customer suit exception "because the resolution of Amazon's EDVa DJ action will likely resolve the 'major issues' in GEMSA's EDTx customer suits.") (citation omitted).

This case and the EDTX Actions involve the question of whether the tagging of videos on the Pornhub website infringes the '780 patent.  Adjudicating that issue once here against the operator of Pornhub—rather than eighteen times against users of Pornhub—falls squarely within the customer suit exception and furthers the efficiency aims of that exception.  "[B]ased on the outcome of [this] case, either

[Freesites] will prevail and use of [Pornhub] will be determined to be non-infringing, or [Scorpcast] will prevail, and [Freesites] will be forced to pay damages or license the patent." *Ricoh*, 279 F. Supp. 2d at 558. The former situation will "dispose of the infringement issues against" Freesites's content partners (*id.*), and the latter may "leave[] nothing to be collected from" the content partners. *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 868-69, 872 (Fed. Cir. 2006) (explaining that patentees cannot collect twice for "the same infringing use") (citation omitted).

### c. The "unjust or inefficient" exception precludes application of the first-to-file rule.

As Scorpcast concedes, the customer suit exception constitutes but one "species" of the broader "unjust or inefficient" exception to the first-filed rule. Br. at 3 & n.3, quoting *Genentech*, 998 F.2d at 938. It would be both unjust and inefficient to transfer this case.

The various disputes between Scorpcast and Freesites are—as a result of Scorpcast's actions—unnecessarily complicated. Freesites, through this case and its transfer motion in the WDTX Action, seeks to simplify these sprawling proceedings by having the entire dispute between Freesites and Scorpcast be decided here, in a single proceeding. The simplification would be furthered if the Court in the EDTX Actions grants the content partners' forthcoming motion to stay.

By contrast, Scorpcast seeks to avoid litigating in its state of incorporation, and would rather spread its fight with Freesites across at least seven different cases

in two different Texas districts (neither one of which has any connection to the parties or underlying infringement dispute).

This case should remain here so the dispute can be resolved justly and efficiently.   Scorpcast's later-filed WDTX Action against Freesites can then be transferred here and consolidated.  And upon resolution of this case, nothing should be left to resolve in the EDTX Actions between Scorpcast and Freesites's content partners.

## B.   The case should not be transferred pursuant to 28 U.S.C § 1404.

The convenience factors do not warrant transfer under § 1404.  *See Scovill Mfg. Co. v. Sunbeam Corp*., 357 F. Supp. 943, 946 (D. Del. 1973) ("[T]ransfer should be denied where the factors to be considered are evenly balanced or only slightly favor a transfer.") (citation omitted).

### 1.   The private interest factors do not favor Texas.

None of the private interest factors favors Texas.

First, Freesites's choice of Delaware "is entitled to substantial weight."  *Id.* Scorpcast urges the Court to investigate the "reasons behind" Freesites choice but *admits* that Freesites had a "legitimate" reason to sue Scorpcast in its home state of Delaware.  Br. at 8, quoting *Pragmatus AV, LLC v. Yahoo! Inc*., No. 11-902-LPS-CJB, 2012 WL 4889438, at *4 (D. Del. Oct. 15, 2012).   Scorpcast nevertheless argues that Freesites should have chosen the Eastern District of Texas.  According

17

to Scorpcast, Freesites "<u>knew</u> that it could establish personal jurisdiction over" Scorpcast in that district because Scorpcast had filed the EDTX Actions.  Br. at 8. But the case cited by Scorpcast states the opposite: "a party does not necessarily waive its jurisdictional objections by filing suit." *Garcia v. Vasilia*, 319 F. Supp. 3d 863, 891 (S.D. Tex. 2018) (citation omitted).  Scorpcast had not agreed to waive any objections to personal jurisdiction and/or venue in the Eastern District of Texas, where it has no offices or employees, and by all indications had no intention of litigating against Freesites in that forum.  Regardless, Freesites has a right to choose a forum that is different than the forum (belatedly) chosen by Scorpcast.  And, while Scorpcast accuses Freesites of choosing Delaware to "delay" the cases, it cites no evidence of any improper motive, relying solely on routine motions and IPR filings. Br. at 8-9.  Scorpcast also fails to address its own delay in attempting to add Freesites to the EDTX Actions after the deadline to join parties.

Second, Scorpcast notes that its "preferred forum is the Eastern District of Texas."  Br. at 9-10.  Again, however, that supposed preference should be disregarded because Scorpcast initially chose not to sue Freesites in Eastern District of Texas, electing instead to file suit in the Western District of Texas.

Third, Scorpcast alleges that the claim (patent infringement) arose "all over the United States."  Br. at 10; *see Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC*, No. 0:16-cv-03918-JMC, 2017 WL 3582235, at *8 (D.S.C. Aug. 18, 2017)

18

("[A] substantial part of the events or omissions giving rise to [a declaratory judgment] action occurs where the acts that would give rise to a potential claim of patent infringement occurred.") (collecting cases).  So this factor does not support transfer to Texas.  *See ICHL, LLC v. NEC Corp. of Am.*, No. 5:08CV65, 2009 WL 1748573, at *7 (E.D. Tex. June 2, 2009) (refusing to transfer case where "the relevant proof is spread throughout the nation").

Fourth, Scorpcast alleges that Delaware is inconvenient in view of the parties' relative financial condition.  Br. at 11-12.  As an initial matter, Scorpcast submits no evidence of its purported poverty, relying on a single conclusory sentence that Scorpcast has not generated "significant" revenue (whatever that means).  *Id.* at 12. In any event, Scorpcast does not even try to establish any "unique or unexpected burden," and therefore "should not be successful in arguing that litigation in its state of incorporation is inconvenient."  *Intellectual Ventures I LLC v. Altera Corp*., 842 F. Supp. 2d 744, 755-56 (D. Del. 2012).

Fifth, Scorpcast alleges that the Eastern District of Texas is more convenient for witnesses because Dallas has an airport.  Br. at 12.  Scorpcast neglects to mention the three-hour drive from that airport to the courthouse in Marshall.  And Scorpcast also fails to acknowledge airports near Delaware.  *See Carl Zeiss Meditec, Inc. v. Optovue, Inc*., No. 10-084-GMS, 2011 WL 1419714, at *3 (D. Del. Apr. 12, 2011) ("[A] flight to Delaware is not an onerous task warranting transfer.") (citation

omitted). Scorpcast also "fails to demonstrate that any witness is unable or unwilling to travel to Delaware." *Id.*

Sixth, Scorpcast admits that the bulk of the evidence is likely to come from Montreal, Canada (Br. at 13), which more than 1,000 miles closer to this Court than to the Court in Marshall, Texas. And Scorpcast fails to identify a single relevant document in Texas. *See ICHL*, 2009 WL 1748573, at *8 (finding transfer inappropriate where evidence was not "located in or near the transferee forum").

### 2. The public interest factors do not favor Texas.

None of the public interest factors favors Texas.

First, as discussed above with respect to the customer suit and efficiency exceptions, "practical considerations" (Br. at 14) support adjudicating the dispute once against Freesites rather than eighteen times against its content partners.

Second, the "interest of justice" (Br. at 14) would not be served by rewarding Scorpcast's "dilatory tactics which forced [Freesites] to seek declaratory relief." *Scovill*, 357 F. Supp. at 947. Scorpcast should not be permitted to pursue claims against Freesites in the EDTX Actions after: (1) deliberately omitting Freesites from those lawsuits; (2) filing a lawsuit on the same subject matter in another forum; and (3) violating the scheduling order in the EDTX Actions by belatedly attempting to join Freesites.

Third, while Scorpcast cites time-to-trial statistics (Br. at 15), the Federal Circuit recently rejected reliance on similar statistics because they do not necessarily reflect "an appreciable difference in docket congestion between the two forums." *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1312 (Fed. Cir. 2020) (citation omitted). A similar number of patent cases (331 and 308) are pending before this Court and Judge Gilstrap. Exs. 6, 7. So the Court congestion factor does not favor transfer.

Fourth, Texas has no interest in this dispute between foreign corporations. And Scorpcast ignores the "significant Delaware interest in the lawsuit, which is to make available to litigants a neutral forum to adjudicate commercial disputes against Delaware entities, even where . . . the parties and conduct are centered in a foreign jurisdiction." *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 1000 (Del. 2004).

21

## V.     CONCLUSION

For the foregoing reasons, Scorpcast's motion to transfer should be denied.


OF COUNSEL:

Frank M. Gasparo
fmgasparo@venable.com
Christopher M. Gerson
cgerson@venable.com
Jonathan M. Sharret
jsharret@venable.com
Venable LLP
1270 Avenue of the Americas,
24th Floor
New York, NY 10020
(212) 307-5500

Dated: March 2, 2021

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Plaintiff MG Freesites Ltd*

**<u>CERTIFICATE OF WORD COUNT AND TYPEFACE COMPLIANCE</u>**

The undersigned hereby certifies that the foregoing brief contains 4,991 words, which is equal to the 5,000 allowed under the Court's Standing Order Regarding Briefing in All Cases.  The undersigned also certifies that the foregoing document is typed in Times New Roman, 14-point font.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)