IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MG FREESITES LTD,<br><br>    Plaintiff,<br><br>v.<br><br>SCORPCAST LLC d/b/a HAULSTARS,<br><br>    Defendant. | C.A. No. 20-01012-MFK-JLH<br><br>LEAD CONSOLIDATED CASE<br><br><br>JURY TRIAL DEMANDED |
| SCORPCAST, LLC d/b/a HAULSTARS,<br><br>    Plaintiff,<br><br>v.<br><br>MG FREESITES, LTD,<br><br>    Defendant. | C.A. No. 21-00887-MFK-JLH |

**JOINT STATUS REPORT**

Pursuant to the Court's May 5, 2022, Oral Order, Plaintiff Scorpcast LLC d/b/a HaulStars ("HaulStars") and Defendant MG Freesites Ltd ("MG Freesites") provide the following Joint Status Report.

**I.    AMENDED COMPLAINT**

HaulStars moved this Court for leave to file amended pleadings (D.I. 41) on September 21, 2021. The Court granted HaulStars' motion on May 5, 2022. HaulStars filed its Amended Complaint (D.I. 140) and its Amended Answer and Counterclaim (D.I. 139) on May 9, 2022.

1

## II. SUMMONSES

On May 13, 2022, the Clerk issued summonses to each of the newly added Defendants 9219-1568 Quebec, Inc. (D.I. 141-1), MCGY Holdings (D.I. 141-2), MG Billing Limited (D.I. 141-3), MG Billing U.S. Corp. (D.I. 141-4), MG Global Entertainment Europe (D.I. 141-5), MG Global Entertainment (D.I. 141-6), MG Premium Ltd. (D.I. 141-7) and MindGeek S.A.R.L. (D.I. 141-8).

## III. STATUS OF SERVICE ON NEWLY ADDED DEFENDANTS

HaulStars completed service on MG Billing U.S. Corp. and MG Global Entertainment's respective registered agents through a process server on May 18, 2022. The executed summons for MG Billing U.S. Corp. (D.I. 151) and MG Global Entertainment (D.I. 152) were filed on May 25, 2022.

HaulStars requested that the District Clerk mail summonses to the remaining six Defendants under Fed. R. Civ. P. 4(f)(2)(C)(ii), which authorizes service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." *See* D.I. 141.

The District Clerk mailed process to 9219-1568 Quebec, Inc. (D.I. 149), MG Global Entertainment Europe (D.I. 148), MCGY Holdings (D.I. 146), MG Billing Limited (D.I. 150), MG Premium Ltd. (D.I. 145) and MindGeek S.A.R.L. (D.I. 147) through the United States Postal Service's registered international mail on May 18, 2022.

On June 6, 2022, the summons to 9219-1568 Quebec, Inc. was returned and marked "refused." (D.I. 156).

On June 6, 2022, HaulStars requested that Counsel for MG Freesites agree to accept service for the remaining Defendants not yet served. On June 7, 2022, Counsel for MG Freesites refused to accept service for the remaining Defendants.

On June 17, 2022, the summons to MG Global Entertainment Europe was returned and marked "refused." (D.I. 157). The remaining -four summons packets have not yet been returned.

## IV. DEADLINES FOR RESPONSES TO THE NEWLY AMENDED PLEADINGS (D.I. 139 AND D.I. 140)

### a. Haulstars' Position

The Court granted HaulStars' motion for leave to amend on May 5, 2022. HaulStars filed its Amended Complaint (D.I. 140) and its Amended Answer and Counterclaim (D.I. 139) on May 9, 2022. On May 13, 2022, the Clerk issued summonses to each of the newly added defendants. Haulstars served the new domestic defendants on May 18, 2022, and The District Clerk served the new foreign defendants through the United States Postal Service's registered international mail on May 18, 2022.

A number of the service of summons packets that were served by the clerk have been returned to the clerk "rejected." All of the entities that have rejected the

service packets are entities that are related to the current defendant and would likely be represented by the same counsel as Defendant.

In similar situations, where defendants that are related to existing defendants have rejected service packets other courts have deemed these entities to be served because counsel is aware of the litigation, and the service that was attempted was reasonably calculated to notify the defendants. *See Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, 2021 U.S. Dist. LEXIS 252513, *10, 2021 WL 6773096 (E.D. Tex. Nov. 19, 2021).

> Third, Stingray's prior attempts to serve the Defendants indicate that each has been reasonably apprised of this litigation. TP-Link Tech. has likely had actual notice of this suit since on or around the time the registered agent of its subsidiary, TP-Link USA, was served on March 5 of this year. (Dkt. No. 15 at 4). In addition, <u>TP-Link Corp. and TP-Link Int'l were presented with service of the summons and Complaint but refused to accept the same.</u> (Id.). Accordingly, under the particular facts and circumstances of this case, service upon TP-Link USA's registered agent and upon Fish & Richardson P.C. as U.S. counsel for TP-Link Tech. is reasonably calculated to notify the Defendants of the action and afford them an opportunity to respond. *See In re LDK Solar Sec. Litig.*, 2008 U.S. Dist. LEXIS 90702, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008)."

*Id*. (emphasis added).

Plaintiff has already served counsel for MG Freesites, and HaulStars completed service on MG Billing U.S. Corp. and MG Global Entertainment's respective registered agents through a process server on May 18, 2022. The executed summons for MG Billing U.S. Corp. (D.I. 151) and MG Global Entertainment (D.I. 152) were

4

filed on May 25, 2022. Counsel for those defendants has refused to accept service for the remaining Defendants.

Plaintiff requests that service of the Amended Complaint and Amended counterclaim by mail but personal service on two of the Defendants, and by service on counsel for MG Freesites (who is likely to be counsel for all Defendants) be deemed sufficient because it "is reasonably calculated to notify the Defendants of the action and afford them an opportunity to respond." *See Stingray, supra.*

MG Freesites argues that service has not been attempted multiple times and thus it would not be fair to deem the refusing defendants served, but based on what we have seen to date these Defendants are very likely to continue to refuse service if additional packets are sent, and making additional attempts will yield the same result. For that reason, and the reasons articulated above, related Defendants who refuse service should be deemed served.

The deadline for Defendants MG Billing U.S. Corp. (D.I. 151) and MG Global Entertainment (D.I. 152) who were personally served on May 18, 2022 have already passed and these defendants are in default. If the remaining Defendants are deemed served or will agree to accept service, Plaintiff is open to discussing a new consolidated answer deadline for all defendants.

### a. MG Freesites' Position

Since seeking leave in September 2021 to add new defendants, Scorpcast has not made any attempt to follow the service of process procedures set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), per Fed. R. Civ. P. 4(f)(1). Rather, Scorpcast has sidestepped those procedures and instead seeks to burden the Court with being its process server. Scorpcast should be held to the requirements of the Hague Service Convention, in the first instance.

Scorpcast knew prior to September 2021 that the entities it sought to add are located outside the United States and that following the procedures of the Hague Service Convention would be necessary to effectuate service. Instead, Scorpcast needlessly waited for nearly nine months before attempting to shortcut the proper procedures by trying to serve these foreign entities by mail under Fed. R. Civ. P. 4(f)(2)(C)(ii). Now that this belated approach has not yielded immediate success, Scorpcast wants the Court to step in and save it from a problem of its own making.

But Scorpcast cannot justify the extraordinary remedy it seeks—circumventing both the Federal Rules of Civil Procedure and international law—based on the current record of unexplained delay and a single perfunctory attempt at service. Indeed, the *Stingray* case that Scorpcast cites is predicated on the fact that "[Plaintiff] has been unable to serve Defendants with process despite **multiple**

attempts." 2021 WL 6773096, at *1 (emphasis added). Further, the court in *Stingray* was addressing a motion to authorize service under Fed. R. Civ. P. 4(f)(3), which requires analysis of several factors such as: (i) determining that the requested method of service is "not prohibited by international agreement," (ii) "considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention," and (iii) "consider[ing] whether the requested means of alternative service comports with due process as to each defendant." *Id.* at *1-2. Scorpcast has not brought any such motion or addressed any of the factors this Court must consider before authorizing service under this provision of Rule 4. *Id.* at *4 ("No party is permitted to unilaterally invoke Rule 4(f)(3) to serve foreign entities."). Moreover, Scorpcast's presumption that service by mail is the only form of service available to it is obviously untrue and nothing has prevented (or is preventing) Scorpcast from seeking a more reliable form of service.

Courts have consistently held that plaintiffs have "properly satisfied the threshold requirement for invoking the Court's authority under Rule 4(f)(3)" only after they have made "numerous attempts to serve [Defendants]" and have "exercised sufficient due diligence to serve these Defendants[.]" *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010); *see also Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, 2018 WL 1757776, at *2

7

(S.D. Cal. Apr. 11, 2018) (denying request to authorize email service on counsel under Rule 4(f)(3) because "Plaintiffs have not shown that the circumstances of this action necessitate the Court's intervention … Plaintiffs have not alleged any facts that show that the available methods of service have failed to affect service, that this case is of particular urgency requiring alternative service methods, or any other facts to support their requests. Instead, Plaintiffs only state that they attempted to serve … [Defendant] by Federal Express, which [Defendant] refused.").

This Court has also recognized that "careful adherence to the requirements of international treaties and the Federal Rules of Civil Procedure is called for" when a "[plaintiff is] asking this Court to extend its reach abroad." *See Nsm Music v. Alvarez*, No. 02 C 6482, 2003 WL 685338, at *2 (N.D. Ill. Feb. 25, 2003). Scorpcast's request for Court intervention is at best premature given its single attempt at service (the results of which are not even fully available yet as to all entities) just a few weeks ago after failing to act diligently for nearly nine months.

As to the issue of answering the amended Complaint, MG Freesites does not believe the newly amended pleadings should be answered until all of the newly named parties are properly served. Having all parties answer together would be more efficient as it would place all parties on the same schedule and allow the case to proceed apace. Having already served parties answer now and new parties answer later based on whenever Scorpcast is able to successfully serve them would

8

quickly result in a morass that would make it impossible to put the case on a sensible, consolidated schedule for all parties. Simply put, the case would not be manageable if one party is answering while another is wrapping up fact discovery. Respectfully, MG Freesites proposes that the Court should set a date such that all parties served by that date should answer within 21 days and all parties not yet served should be dismissed.

      Finally, Scorpcast's baseless accusation that the deadline for answering for MG Billing U.S. Corp. and MG Global Entertainment has already passed should be ignored. For one, it is in direct conflict with this Court's May 5th Oral Order that a "joint status report regarding service on the newly named parties **and deadlines for responses to the newly amended pleadings** is to be filed on 6/23/2022" (emphasis added). Moreover, it is nonsensical that new Defendants should have to answer before the existing Defendant, MG Freesites. Finally, MG Freesites had reached out to Scorpcast to work out a response date for parties already served. When the parties couldn't agree, MG Freesites e-mailed Scorpcast on June 7th informing them that, per the Court's Oral Order, the parties should propose answer deadlines for MG Billing U.S. Corp. and MG Global Entertainment in the Joint Status Report. Scorpcast never responded to this email and is just now taking the position there has been a default.

Dated: June 23, 2022

Respectfully submitted,

By: /s/ Kasey H. DeSantis
Gregory B. Williams (#4195)
Kasey H. DeSantis (#5882)
FOX ROTHSCHILD LLP
Citizens Bank Center
919N. Market Street, Suite 300
Wilmington, DE 19899
Tel: 302-654-7444
gwilliams@foxrothschild.com
kdesantis@foxrothschild.com

Of Counsel:
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
Michael Simons
Texas State Bar No. 24008042
msimons@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453

Philadelphia, PA 19103
Tel: 512-543-1373

*Attorneys for Plaintiff Scorpcast, LLC d/b/a HaulStars*

/s/ *Kelly E. Farnan*
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

Of Counsel:

Frank M. Gasparo
Ralph A. Dengler
J. Daniel Kang
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
(212) 307-5500
fmgasparo@venable.com
radengler@venable.com
jdkang@venable.com

Jonathan M. Sharret
Venable LLP
1290 Avenue of the Americas
New York, NY 10020
(212) 307-5500
jmsharret@venable.com

*Attorneys for MG Freesites Ltd*

11