IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MG FREESITES LTD,<br>*Plaintiff*,<br>v.<br>SCORPCAST, LLC d/b/a HAULSTARS,<br>*Defendant*. | C.A. No. 20-1012-MFK<br><br>LEAD CONSOLIDATED CASE<br>JURY TRIAL DEMANDED |
| SCORPCAST, LLC d/b/a HAULSTARS,<br>*Plaintiff*,<br>v.<br>MG FREESITES LTD, MINDGEEK S.A.R.L., MG PREMIUM LTD, MG BILLING US CORP., MG BILLING LIMITED, 9219-1568 QUEBEC, INC., MGCY HOLDINGS, MG GLOBAL ENTERTAINMENT INC., MG GLOBAL ENTERTAINMENT EUROPE,<br>*Defendants*. | C.A. No. 21-887-MFK |

**MG FREESITES LTD, MG BILLING US CORP., AND MG GLOBAL
ENTERTAINMENT INC.'S MOTION FOR
<u>ADDITIONAL CLAIM CONSTRUCTION BRIEFING</u>**

Defendants MG Freesites Ltd ("MG Freesites"), MG Billing US Corp., and MG Global Entertainment Inc. respectfully request that the Court grant limited additional claim construction briefing to address disputes between the Parties as to the scope of two claim terms and the indefiniteness of four claim terms. These terms were fully briefed when this case was sited in the Western District of Texas ("WDTX"). C.A. No. 6:20-cv-00877-ADA (WDTX), D.I. 52.

This motion is necessary because Defendants were unable to present these terms to this Court. That is, despite the Parties' joint stipulation that MG Freesites be allowed to construe 14

-1-

claim terms across nine patents (D.I. 115),[1] Chief Judge Connolly limited MG Freesites to only five terms for purposes of this claim construction process. D.I. 120. Further, MG Freesites could not present any terms for indefiniteness because under Chief Judge Connolly's procedures, indefiniteness is postponed until summary judgment (along with any remaining terms).

Defendants have diligently sought construction of these terms, pursuing their construction for over a year and a half in both WDTX and here. There is no undue prejudice to Scorpcast as these terms were fully briefed in WDTX, Scorpcast previously stipulated to allowing MG Freesites to brief these terms (D.I. 115), and a *Markman* hearing has not been held and is scheduled for February 17, 2023. Moreover, the Parties have already been ordered to present additional claim construction briefing as a result of Plaintiff's recent reassertion of U.S. Patent No. 9,703,463 ("the '463 Patent"). D.I. 206. Finally, it is more efficient to deal with these claim construction disputes at the upcoming *Markman* hearing than to wait until summary judgment. Therefore, Defendants respectfully request that the Court order limited additional claim construction briefing (10 page opening brief, 10 page responsive brief, 5 page reply brief). Given the upcoming February 17, 2023 *Markman* hearing, Defendants further request that the Court schedule a status conference on this matter at the Court's earliest convenience.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Scorpcast, LLC d/b/a HaulStars ("Scorpcast") sued MG Freesites for patent infringement in WDTX on September 28, 2020. C.A. 6:20-cv-00877-ADA, D.I. 1. MG Freesites moved to transfer this case to Delaware because it had previously filed a declaratory judgment action for noninfringement against Scorpcast on July 28, 2020. *Id.*, D.I. 21. While the motion was

---

[1] Unless otherwise specified, citations to "D.I. __" are references to docket entries in C.A. No. 20-1012-MFK.

pending, the Parties completed claim construction briefing on 26 claim terms.  *Id.*, D.I. 36, 37, 41, 42, 45, 46, 49, and 50.  However, immediately prior to the scheduled *Markman* hearing, Judge Albright granted MG Freesites' motion and transferred this case.  *Id.*, D.I. 56.

Upon transfer, the case was assigned to Chief Judge Connolly and a new Scheduling Order was set, requiring the Parties to redo claim construction.  D.I. 33.  The Parties exchanged terms for construction on February 3, 2022, based on the terms that were briefed in WDTX.  Exs. A and B.  MG Freesites identified 14 terms for construction and 14 terms that it contended were indefinite across the nine asserted patents and Scorpcast identified a single term for construction.  *Id.*

The Parties met and conferred and came to an agreement, which was presented to the Court as a Joint Stipulation Regarding Claim Construction, that "The Parties will present no more than 15 terms / phrases for construction in the claim construction briefing and at the *Markman* hearing." D.I. 115.  The Parties submitted only 13 disputed claim terms to the Court for construction (12 from MG Freesites and one from Scorpcast) and noted to the Court that "MG Freesites has not included claim terms / phrases it contends are indefinite based on its understanding of the Court's procedures" to not hear indefiniteness until summary judgment.  D.I. 116.  Nonetheless, the Court modified the Parties' Joint Stipulation and instead ordered that "Each side may designate no more than 5 terms."  D.I. 120.  The result of this Order was that MG Freesites was required to narrow to only five terms and Scorpcast presented its single term.  The Parties finished briefing these six terms on April 7, 2022, shortly after the case was reassigned from Chief Judge Connolly, and filed a Joint Claim Construction Brief with all the briefing for these terms.  D.I. 133.

This case was then stayed pending *inter partes* review of some of the asserted patents.  May 5, 2022 Oral Order.  The stay was lifted on October 5, 2022.  D.I. 177.  A new Scheduling Order was entered and a *Markman* hearing was set for February 17, 2023.  D.I. 179.

On November 2, 2022, Scorpcast moved to reassert the '463 Patent, and the Court granted the motion. D.I. 202. The Parties were ordered to submit a new claim construction schedule for this patent. *Id.* Under this Scheduling Order, the Parties will submit an opening brief on December 21, 2022 (10 pages), a responsive brief on January 4, 2023 (10 pages), and a reply brief on January 11, 2023 (5 pages). D.I. 206.

## II.  CONCISE STATEMENT OF FACTS

On December 5, 2022, Defendants provided notice to Scorpcast that it intended to file this motion for limited additional claim construction briefing. Ex. C. As part of this notice, Defendants identified two terms they would seek to have construed, including Defendants' proposed constructions, and four terms Defendants would submit for indefiniteness. *Id.*

### A.  The First Term for Construction: "advertisement score"

MG Freesites disclosed this term to Scorpcast for construction on March 12, 2021, when the case was still in the WDTX. Ex. D at 21 (term #22). After narrowing the terms for construction and meeting and conferring, MG Freesites provided its proposed construction for this term on April 2, 2021. Ex. E at 18 (term #19). The Parties filed a total of 4 claim construction briefs on this term. C.A. 6:20-cv-00877-ADA, D.I. 37 at 3-4, D.I. 42 at 7-10, D.I. 46 at 3-4, and D.I. 50 at 5-8. Judge Albright did not conduct a *Markman* hearing, instead transferring the case to this Court.

After the transfer, on February 3, 2022, MG Freesites submitted this term and its proposed construction to Scorpcast as part of claim construction in the District of Delaware. Ex. B at 8 (term #12). The Parties jointly stipulated to the Court that MG Freesites be allowed to present this term to the Court for construction. D.I. 115 and D.I. 116 at 16-17 (term #11). Chief Judge Connolly instead ordered that MG Freesites could only present a total of five terms for construction (D.I. 120) at this time and therefore this term was never briefed by the Parties in Delaware.

Once the stay was lifted and additional claim construction briefing was ordered for the '463

4

Patent, Defendants reviewed the claim terms and proposed constructions that were previously exchanged and concluded that there was still a dispute between the Parties as to the claim scope of this term. Therefore, Defendants again presented this term with a proposed construction to Scorpcast on December 5, 2022. Ex. C at 4 (term #1).

### B. The Second Term for Construction: "offline"

As with the prior term, Scorpcast has been on notice for over a year and a half of this term (Ex. D at 23 (term #12)) and of MG Freesites' proposed construction (Ex. E at 21 (term #23)). The Parties fully briefed this term in WDTX. C.A. 6:20-cv-00877-ADA, D.I. 37 at 8-9, D.I. 42 at 19-23, D.I. 46 at 9-10, and D.I. 50 at 11-13.

On February 3, 2022, MG Freesites submitted this term and its proposed construction to Scorpcast as part of claim construction in Delaware. Ex. B at 8-9 (term #13). For the same reasons as above, Chief Judge Connolly's order removed this term from the claim construction process (D.I. 120). On December 5, 2022, Defendants again presented this term with a proposed construction to Scorpcast as the Parties dispute the claim scope of this term. Ex. C at 4 (term #2).

### C. The First and Second Indefinite Terms: Double-Recitation of "a definition" Followed by a Limitation Reciting "the definition"

Similarly, Scorpcast has long had notice of these related terms (Ex. D at 15-16 (terms #10, 12, 14-16)) and that MG Freesites contended these terms were indefinite (Ex. E at 10-13 (terms #11-12)). The Parties fully briefed these terms in WDTX. C.A. 6:20-cv-00877-ADA, D.I. 36 at 19-21, D.I. 41 at 24-27, D.I. 45 at 11-12, and D.I. 49 at 12-13.

After the transfer, MG Freesites submitted these terms as indefinite to Scorpcast as part of claim construction in Delaware. Ex. B at 9-10 (terms #5-6). Because Chief Judge Connolly's practice is not to consider indefiniteness until summary judgment, MG Freesites could not present these terms as part of claim construction and the terms were never briefed in Delaware. D.I. 116

at 2, n. 1 (citing *British Telecomms. Plc v. Fortinet, Inc.*, No. 18-1018-CFC-MPT, 2021 WL 1422932, at *4 (D. Del. Apr. 15, 2021)). On December 5, 2022, Defendants again presented these terms to Scorpcast because there is still a dispute as to these terms. Ex. C at 4-5 (terms #3-4).

### D. The Third Indefinite Term: The Word "media file" in Light of the Similar Words "media content," "work of authorship," and "performance data"

Again, Scorpcast has long had notice of this term (Ex. D at 20-21 (terms #15-16)) and that MG Freesites contended this term was indefinite (Ex. E at 17 (term #18)). The Parties fully briefed this term in the WDTX. C.A. 6:20-cv-00877-ADA, D.I. 37 at 2-3, D.I. 42 at 3-7, D.I. 46 at 1-3, and D.I. 50 at 2-5. MG Freesites submitted this term as indefinite to Scorpcast again as part of claim construction in Delaware. Ex. B at 11 (term #9). Because this term was never submitted to the Court there is still a dispute as to this term, and Defendants again presented this term to Scorpcast on December 5, 2022. Ex. C at 5 (term #5).

### E. The Fourth Indefinite Term: The Word "dynamically" as Applied to the Words "generate an offer"

And lastly, Scorpcast has long had notice of this term (Ex. D at 24 (terms #14, 17)) and that MG Freesites contended this term was indefinite (Ex. E at 22 (term #24)). The Parties fully briefed this term in the WDTX. C.A. 6:20-cv-00877-ADA, D.I. 37 at 9, D.I. 42 at 23-26, D.I. 46 at 10-12, and D.I. 50 at 13-15. MG Freesites submitted this term as indefinite to Scorpcast as part of claim construction in Delaware. Ex. B at 11 (term #11). This term was never submitted to the Court and thus there is still a dispute as to this term. Defendants again presented this term to Scorpcast on December 5, 2022. Ex. C at 5 (term #6).

## III. LEGAL STANDARD

### A. *O2 Micro* Requires That the Court Resolve the Parties' Disputes Over Claim Scope

A "dispute over the scope of the asserted claims is a question of law" for the Court to

decide. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008). "A determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute." *Id*. When "the 'ordinary' meaning of a term does not resolve the parties' dispute, [] claim construction requires the court to determine what claim scope is appropriate in the context of the patents-in-suit." *Id*. "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it [because] the district court is in the best position to determine the proper construction of this claim term in the first instance." *Id*. at 1362-63.

IV.   **ARGUMENT**

    A.   **The Parties Dispute the Scope of the Six Claim Terms Defendants Submit for Construction**

The Parties have disputed the proper scope of these six claim terms since at least February 2021. Although the Parties fully briefed their positions on the scope of these terms in WDTX, the case was transferred to this Court before a *Markman* hearing was conducted or a claim construction order issued. These disputes have persisted in Delaware because MG Freesites was not able to submit these terms for construction due to Chief Judge Connolly's order limiting MG Freesites to only five terms (D.I. 120) and his procedure to not hear indefiniteness until summary judgment. *British Telecomms*, 2021 WL 1422932, at *4.

The first term for construction, "advertisement score," is never used in the specification of U.S. Patent No. 8,595,057 ("the '057 Patent"). Defendants contend that the plain meaning of this term is a score associated with delivered advertisement content, and not a video itself. However, Scorpcast maintains its plain meaning is a score associated with views and/or downloads of a video. For example, in Scorpcast's infringement contentions for the '057 Patent (dated February

7

21, 2022), Scorpcast argues that "Defendants' System calculate[s] an advertisement score based on users of the online community viewing other videos submitted by the artist, which are advertised alongside the media file." Ex. F at 118. Scorpcast has similarly argued that calculating an "advertisement score" is satisfied by "track[ing] downloads of performance data for an artist … The performance download score is the number of purchases and downloads of the video." *Id.* at 119. The Parties thus have a dispute over claim scope that must be decided by the Court as a non-construction would be inadequate and fail to resolve the dispute. *O2 Micro*, 521 F.3d at 1361.

Defendants contend that the second term for construction, "offline," means "non-Internet" (*i.e.*, not connected with the Internet), while Scorpcast maintains the term can include a connection to the Internet. For example, in its infringement contentions for U.S. Patent No. 10,354,288 ("the '288 Patent") (dated February 21, 2022), Scorpcast argues that "Offline performance data may include, for example, viewership via cell phones" (*i.e.*, via a cell phone connected to the Internet). Ex. G at 44. Scorpcast similarly argues that "Offline distribution of the performance data includes, for example, any of the below media files being distributed via a cell phone and cellular data." *Id.* at 72. The Parties thus have a dispute over claim scope that must be resolved by the Court as a non-construction would be inadequate. *O2 Micro*, 521 F.3d at 1361.

For the four terms Defendants contend are indefinite, the Parties inherently have a dispute over claim scope for the Court to resolve as Scorpcast maintains that these terms are not indefinite.

For the first two indefinite terms, claims 1 and 25 of U.S. Patent No. 10,506,278 ("the '278 Patent") have a double recitation of "receive … **a definition** as to when the first image is to be displayed" and a double recitation of "receive … **a definition** as to when the second image is to be displayed." It is thus not reasonably certain whether it is required to receive "a definition" once or twice for each image (*i.e.*, was the limitation mistakenly repeated?). Compounding the problem

8

is the later recitation of "provide … **the definition** as to when the first image is to be displayed" and "provide … **the definition** as to when the second image is to be displayed." It is not reasonably certain which of the two "a definition" must be provided due to the unclear antecedent basis (*i.e.*, is it required to provide the first "a definition" or the second "a definition"?). Scorpcast maintains that the double-recitation of "a definition" is not problematic because "the claims' two 'receive . . . a definition' clauses describe how the definition is received" and only one definition must be received and provided. C.A. 6:20-cv-00877-ADA, D.I. 36 at 21.

For the third indefinite term, the '057 Patent and '288 Patent claims recite similar words ("media file(s)," "media content," "work of authorship," and "performance data") with contradictory interrelationships such that it is not reasonably certain what is each word's proper scope. For example, claims 2 and 19 of the '057 Patent state a media file comprises a work of authorship—*i.e.*, a media file is broader than a work of authorship. But a work of authorship is described as including "blogs or other online commentary" ('057 Patent at 2:31-33), items that are not files and thus cannot fall within the scope of a media **file**. Further, in claim 1 of the '288 Patent and claim 3 of the '057 Patent, a media file is specified to be broader than performance data. But these patents state that "performance data is a media file" (*e.g.*, '057 Patent at 2:2-3), meaning the two have the same scope. Further complicating matters, in the '057 Patent claims, revenue is apportioned for "media content" based on a "media file" and "work of authorship," which makes it unclear when apportioning revenue comes under the claims. Scorpcast maintains that the claim scope is clear to a lay person (without specifying what this scope is) and, if anything, the issue amounts to a written description or enablement issue. C.A. 6:20-cv-00877-ADA, D.I. 46 at 2.

Finally, for the fourth indefinite term, the '288 Patent claim 1 recites "dynamically" generate an offer, but this word is never explained in the intrinsic record, including the

9

specification. It is not reasonably certain how **dynamically** generating an offer differs from merely generating an offer—*i.e.*, when has an offer been "dynamically" generated as opposed to simply "generated"? Given such claim scope uncertainty, it is unclear when one's conduct would fall within the scope of this claim. Scorpcast maintains that the claim scope is clear (without specifying what this scope is). *Id.*, at 12.

### B. It is More Efficient to Address These Terms Now at the *Markman* Hearing

Addressing these claim construction disputes now, instead of delaying their resolution until summary judgment, will conserve Court and Party resources. Construing the terms now would narrow and focus the remainder of fact discovery, while avoiding the need for the Parties' experts to submit alternative invalidity and infringement opinions contingent on the terms' proper constructions. It is also simpler to address these terms now at the *Markman* stage, where the Court only considers issues of law, as opposed to on summary judgment where claim construction disputes will be intertwined with issues of fact and law concerning invalidity and infringement.

## V. CONCLUSION

For all the foregoing reasons, the Court should grant additional claim construction briefing.

OF COUNSEL:

Frank M. Gasparo
Ralph A. Dengler
Jonathan M. Sharret
J. Daniel Kang
Venable LLP
1270 Avenue of the Americas
24th Floor
New York, NY 10020
(212) 307-5500

Dated: December 8, 2022

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for MG Freesites Ltd, MG Billing US Corp., and MG Global Entertainment Inc.*