**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MG FREESITES LTD, | |
| Plaintiff, | C.A. No. 20-1012-MFK |
| v. | LEAD CONSOLIDATED CASE |
| SCORPCAST, LLC d/b/a HAULSTARS, | |
| Defendant. | JURY TRIAL DEMANDED |

| | |
|---|---|
| SCORPCAST, LLC d/b/a HAULSTARS, | |
| Plaintiff, | C.A. No. 21-0887-MFK |
| v. | |
| MG FREESITES LTD, MINDGEEK S.A.R.L., MG PREMIUM LTD, MG BILLING US CORP., MG BILLING LIMITED, 9219-1568 QUEBEC, INC., MCGY HOLDINGS, MG GLOBAL ENTERTAINMENT INC., MG GLOBAL ENTERTAINMENT EUROPE, | |
| Defendants. | |

**DEFENDANTS' MOTION TO COMPEL
DISCOVERY RESPONSES AND DEPOSITION**

OF COUNSEL:

Frank M. Gasparo
Ralph A. Dengler
Jonathan M. Sharret
J. Daniel Kang
Venable LLP
1270 Avenue of the Americas, 24ᵗʰ FL
New York, NY 10020
(212) 307-5500

Dated: February 23, 2023

Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants*

Pursuant to the Court's February 10, 2023 Oral Order, Defendants respectfully submit this Motion to Compel Discovery Responses and Deposition from Plaintiff Scorpcast. Defendants seek to resolve two discovery disputes. First, Scorpcast has not provided substantive responses to several interrogatories, improperly maintaining that it will only provide the requested information in its expert reports. Second, Defendants served a subpoena on Jonathan Calloway seeking his deposition in relation to inventorship of U.S. Patent No. 10,354,288 (and other issues). Scorpcast's counsel represent Mr. Calloway and will not make him available for deposition.

I. **THE COURT SHOULD COMPEL SCORPCAST TO PROVIDE INTERROGATORY RESPONSES DURING FACT DISCOVERY**

  **A. Defendants' Damages-Related Interrogatories (Interrogatory Nos. 8-10)**

On September 20, 2021, MG Freesites served Interrogatory Nos. 8-10 seeking the facts supporting Scorpcast's contentions regarding its claims for damages in this case. Scorpcast initially refused to answer any of these interrogatories during fact discovery, incorporating its **<u>future</u>** expert report by reference. Ex. A at 40-46 (Objecting that each Interrogatory "explicitly calls for expert opinion. Such opinion will be provided in accordance with the Scheduling Order … Haulstars hereby incorporates as if fully set forth herein HaulStars' forthcoming Expert Report … on the issue of damages."). Moreover, Scorpcast's "response" was purposefully non-substantive and evasive. For example, for Interrogatory No. 8 ("Describe in detail all facts supporting Your damages claims …"), Scorpcast indicated it would seek the damages entitled to it by law (a reasonable royalty, interest, etc.) and its expert report would address the methodology mandated by the Federal Circuit (the *Georgia Pacific* factors):

> Subject to and without waiver of the foregoing, HaulStars will seek at least a reasonable royalty for Defendant's infringement, plus allowable pre- and post-judgment interest, any enhanced damages, attorneys' fees, and other remedies as pled. HaulStars anticipates that its expert report on damages will address the relevant *Georgia Pacific* factors and may consider the commonly accepted income, market, and cost approaches to valuation based on the available evidence.

*Id.* at 41; *see also id.* at 45-46 (same), 43 (responding, circularly, that the date of hypothetical negotiation—which under case law occurs on the date of first infringement—"would have been at or around the date of first infringement."). Scorpcast agreed to supplement on December 8, 2021, but again did not provide a substantive response. It instead identified pursuant to Rule 33(d) two documents produced by Defendants without offering any explanation as to the documents' relevance to damages or how it intended to use them to support its claim. *Id.* at 41-42, 46.

MG Freesites raised this dispute before Magistrate Judge Hall,[1] arguing that Scorpcast must provide its contentions and the facts supporting them during fact discovery. D.I. 102 at 3. Scorpcast responded that "While several of MG Freesites' interrogatories specifically request the type of information that can only be included in an expert report … HaulStars has supplemented its answers … with the factual information that HaulStars has available." D.I. 106 at 4.

In a February 1, 2022 Oral Order, Magistrate Judge Hall ordered Scorpcast to supplement its responses to certain contention interrogatories during fact discovery. But for Interrogatory Nos. 8-10 related to damages, Magistrate Judge Hall accepted Scorpcast's representation that it had already provided all facts available to it and did not order supplementation at that time. *See* D.I. 107 ("The Court will not order HaulStars to supplement its response to Interrogatory Nos. 8-10 **at this time** based on [Haulstars'] representation that its responses are up to date.") (emphasis added).

Even though this Order was made over a year ago and was explicitly premised on Scorpcast's representation of what facts were available to it "at [that] time," Scorpcast has since continued to rely on this Order as "evidence" that its responses are sufficient and that it has the Court's blessing to not supplement its responses. For example, during the Parties' January 24,

---

[1] At the time, the Court's January 11, 2022 Oral Order referred all discovery disputes to Magistrate Judge Hall. That Oral Order has since been vacated by the Court. D.I. 135.

2023 meet and confer Scorpcast was asked "is Scorpcast going to supplement [Interrogatory Nos. 8-10] or not?" to which it responded, "So as this was obviously a topic of the motion to compel with Magistrate Judge Hall, and in the order Magistrate Hall said she was not going to order us to supplement our responses to those interrogatories … she viewed it as premature … we're [still] kind of where we were when we had this dispute."). Ex. B at 7:12-8:12; *see also* Ex. C at 4.

While Scorpcast continues to promise it will supplement its responses (*see, e.g.,* Ex. C at 4 ("HaulStars will supplement these interrogatory responses seasonably…")), Scorpcast made the same assurance to Magistrate Judge Hall over a year ago and has yet to provide any supplementation (D.I. 106 at 4). Scorpcast's protestation that it still does not have the necessary information to supplement its responses rings hollow, given that Defendants have produced:

- MGFREE000179559 (2014-2021 annual revenues and expenses) on October 25, 2021; and

- MGFREE000228405-08 (2017-2021 5-year EBITDA forecasts), MGFREE000228416-21 (2016-2020 monthly revenues and expenses; budgeted), and MGFREE000228422 and MGFREE000453179 (2017-2021 quarterly revenues and expenses) on October 31, 2022.

Moreover, Scorpcast has not raised any specific problem with Defendants' production that is preventing it from providing its contentions.[2] Regardless, a response must be given based on the available information. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-00452-WCB (D.I. 344) (Ex. E), at 6 (D. Del. Oct. 22, 2021) (J. Bryson, sitting by designation) (Plaintiff "must respond 'to the best of its ability with the information currently available to it, subject to later supplementation based on additional information' that it may obtain.") (citation omitted).

Such discovery is routinely sought and provided in the District of Delaware. *See* Ex. E at 4 ("In the patent context, courts have held that a contention interrogatory is a proper mechanism

---

[2] In a January 12, 2023 meet and confer relating to Scorpcast's subpoenas to Visa and Mastercard, Scorpcast indicated the subpoenas were necessary as "there are gaps in the materials produced by MG Freesites and there are inconsistencies." Ex. D at 7:24-8:1. Scorpcast has not explained what these purported "gaps" and "inconsistencies" are, nor has it raised any dispute with Defendants.

for obtaining information regarding a plaintiff's damages contentions.") (compiling cases); *see also id.* (citing *Personal Audio, LLC v. Google LLC*, No. 1:17-cv-01751-CFC-CJB, 2018 WL 4502002, at *1-2 (D. Del. Sept. 20, 2018) ("[D]efendant was 'entitled to … damages information' such as 'information about [the plaintiff's] damages contentions' as part of fact discovery.")); *id.* at 5 ("Courts have made it clear that a party may not avoid the responsibility of responding to a contention interrogatory on damages by alleging that the request for information regarding damages will be responded to by the party's expert.").  Indeed, Scorpcast should have provided this information as part of its Initial Disclosures pursuant to Rule 26(a)(1)(A)(iii) ("a party must, without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed by the disclosing party."), but even its Second Supplemental Initial Disclosures, served February 10, 2023, lacks this information. Ex. F at 13-14; *see* Ex. E at 6-7 ("Courts have routinely enforced [Rule 26(a)(1)(A)(iii)] in the patent context.") (compiling cases).

Fact discovery closes May 17, 2023.  D.I. 179.  Defendants need Scorpcast's fulsome responses now for discovery into its damages claims.  Scorpcast's delay and refusal to provide this basic discovery has prejudiced Defendants' ability to prepare and prioritize their defenses, and may force a schedule extension.  Should Scorpcast not properly supplement during fact discovery and instead withhold its contentions until expert reports, Defendants will file a motion to strike.

### B.  Defendants' Invalidity-Related Interrogatories (Interrogatory Nos. 13, 15-16)

On December 30, 2021, MG Freesites served Interrogatory Nos. 13, 15, and 16 asking Scorpcast to respond to Defendants' invalidity contentions by providing its position on the Asserted Patents' validity.  For example, Interrogatory No. 15 asks Scorpcast to respond to Defendants' invalidity charts by identifying the limitations of the Asserted Claims not found in the identified prior art and explaining why.  Scorpcast refused to respond during fact discovery. Ex. G at 8-9, 13-17 (stating its answer "will be supplemented by HaulStars' **forthcoming** Expert Report

on Validity.") (emphasis added).  Scorpcast's "response" cited to the Asserted Patents' prosecution histories, which is wholly nonresponsive as it does not address Defendants' invalidity contentions. *Id.* at 9, 14, 17.  Its March 22, 2022 supplement to Interrogatory No. 15 was likewise nonresponsive, arguing that patents are presumed valid and providing a self-serving explanation that Defendants bear the burden on validity (even though Defendants have met their burden of production by providing their invalidity contentions).  *Id.* at 15.  During the Parties' meet and confer, Scorpcast stated "If you're looking for validity contentions, we're not going to provide those."  Ex. B at 29:20-21.  But this type of discovery—seeking a party's response to the other party's contentions—is routinely sought and provided in the District of Delaware.[3]  *See, e.g.*, *ConforMIS, Inc. v. DePuy Synthes, Inc.*, No. 1:21-cv-0640-RGA (D.I. 91) (D. Del. Dec. 12, 2022) ("Plaintiff shall provide to Defendant an identification of each specific claim limitation Plaintiff contends is not disclosed by the prior art cited in Defendant's invalidity contentions along with detailed support for each of Plaintiff's validity contentions.").  Should Scorpcast not properly supplement its responses during fact discovery and instead withhold its contentions and underlying facts until expert reports, Defendants will file a motion to strike at the appropriate time.

### C.  Defendants' Infringement-Related Interrogatories (Interrogatory Nos. 6, 17)

MG Freesites served Interrogatory No. 6 on September 20, 2021, seeking Scorpcast's contentions on indirect infringement.  Scorpcast's refusal to answer this interrogatory during fact discovery was raised to Magistrate Judge Hall, who ordered Scorpcast to supplement.  D.I. 107.  To date, Scorpcast's response identifies only one document.  Ex. A at 38-39.  Interrogatory No. 17 was served on December 30, 2021, asking Scorpcast to identify the documentation it contends supports its infringement allegations.  Scorpcast's response referred to its infringement contentions

---

[3] Ironically, Scorpcast served an interrogatory seeking Defendants' noninfringement positions, which Defendants answered for each Asserted Patent on October 31, 2022.

and indicated that further information would only be provided during expert discovery.  Ex. G at 18.  But Scorpcast's infringement contentions only rely on a few source code files and do not cite to a single document Defendants have produced.  MG Freesites produced its core technical documents, including source code for all accused websites on October 25, 2021, and has since produced thousands of more documents relating to the technical operation of the accused websites. Scorpcast must put forward its infringement theories and identify any supporting documentation now in response to these interrogatories.  If Scorpcast withholds its theories till its expert reports or only comes forward with supporting documentation at that time, Defendants will move to strike.

## II.  THE COURT SHOULD COMPEL THE CALLOWAY DEPOSITION

Scorpcast currently has only two employees, the purported inventors of the Asserted Patents.  Defendants have thus had to seek discovery from third parties who substantively worked with Scorpcast, or its predecessors.  Jonathan Calloway (aka "Sway") is identified in urSession documents as a "Founder" of urSession, a company founded to monetize the '288 Patent.  Ex. H at 6.  Defendants subpoenaed Mr. Calloway's testimony because there is a serious question of inventorship for the '288 Patent.  Another "Founder," Shavo Odadjian (*id.* at 4), testified that he is a co-inventor of the '288 Patent and that people at urSession knew this, including "Sway."  D.I. 164, Ex. Q at 66:22-25, 194:10-17, 197:8-16.  Scorpcast's counsel, who also represent Mr. Calloway, will not make him available, summarily dismissing a deposition as an unnecessary burden.  But the existence of a potential co-inventor who was not disclosed to the patent office bears on validity and standing and is unlikely to be revealed by party discovery from the person who claimed sole inventorship for himself.  Mr. Calloway's deposition is necessary and should be compelled.  Scorpcast's refusal is unjustified and only serves to frustrate Defendants' ability to prepare their defenses.  Moreover, Scorpcast's offer that Mr. Calloway can be deposed by written questions is a non-starter, given the underlying facts that must be examined.

OF COUNSEL:

Frank M. Gasparo
Ralph A. Dengler
Jonathan M. Sharret
J. Daniel Kang
Venable LLP
1270 Avenue of the Americas, 24th FL
New York, NY 10020
(212) 307-5500

Dated:  February 23, 2023

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Defendants*