IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MG FREESITES LTD,<br><br>    Plaintiff,<br><br>v.<br><br>SCORPCAST LLC d/b/a HAULSTARS,<br><br>    Defendant. | Civil Action No. 1:20-cv-01012-MFK<br><br>LEAD CONSOLIDATED CASE<br><br>JURY TRIAL DEMANDED<br><br>**PUBLIC REDACTED VERSION** |
| SCORPCAST, LLC dba HAULSTARS,<br><br>    Plaintiff,<br><br>v.<br><br>MG FREESITES, LTD<br><br>    Defendant. | Civil Action No. 1:21-cv-00887-MFK<br><br>JURY TRIAL DEMANDED |

**HAULSTARS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL DISCOVERY RESPONSES AND DEPOSITION**

OF COUNSEL:
Fred I. Williams
Michael Simons
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

Todd E. Landis
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103

Dated: March 2, 2023
Public Version Filed: March 9, 2023

Kasey H. DeSantis (#5882)
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 N. Market Street, Suite 300
Wilmington, DE 19899
Tel: 302-654-7444
kdesantis@foxrothschild.com

*Attorneys for Plaintiff Scorpcast, LLC
d/b/a HaulStars*

Plaintiff Scorpcast, LLC dba HaulStars ("HaulStars") files this response in opposition to Defendant MG Freesites Ltd's ("MGF") Motion to Compel Discovery Responses and Depositions (the "Motion") (D.I. 269) pursuant to the Court's February 10, 2023 Oral Order. For the following reasons, the Motion should be denied in its entirety.

## I. MGF'S MOTION TO COMPEL INTERROGATORY RESPONSES SHOULD BE DENIED

### A. MGF's Damages-Related Interrogatory Nos. 8-10

HaulStars will supplement these interrogatories after it has the opportunity to take the depositions of the many MGF witnesses that have been noticed for deposition. As a result, MGF's motion regarding these interrogatories which the court already denied once, should be denied as moot.

MGF produced annual revenue and expenses from 2014 to 2021 on October 25, 2021[1] then argued to this Court that HaulStars' response to Interrogatory Nos. 8-10 was deficient. See D.I. 177. On February 1, 2022, this Court ruled that it was unnecessary to supplement responses to Interrogatory Nos. 8-10 at that time. See D.I. 107. This case was stayed from May 2022 to October 2022. See D.I. 177. On October 31, 2022, MGF produced twelve (12) documents[2] containing financial data from the very same 2014 to 2021 timeframe to once again argue that HaulStars' responses to Interrogatory Nos. 8-10 are deficient. But those documents were a subset of what was previously produced, and the information in the new documents is inconsistent with the information previously produced. Providing an inconsistent subset (i.e., ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"; ▓▓▓▓▓▓▓▓▓▓▓ and

---

[1] Motion at 3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
[2] Motion at 3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1

██████████████████████████████████████) of the previously produced annual revenues and expenses does not trigger the obligation for supplemental responses to Interrogatory Nos. 8-10.

MGF references an order from *IOENGINE, LLC v. PayPal Holdings, Inc.* to argue that HaulStars should supplement its responses to Interrogatory Nos. 8-10. Motion at 3; *id.* at Ex. E. *IOENGINE, LLC v. PayPal Holdings, Inc.* is inapposite because, *inter alia*, new information was available to the plaintiff and five (5) depositions were completed. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-00452-WCB (D.I. 344) (Ex. 1), at 1-2 (D. Del. Oct. 8, 2021) (Weekly Discovery Status Report listing five completed depositions). Here, zero (0) party depositions have occurred. Further, most of the information produced in the twelve (12) documents referenced above was subsumed in the earlier October 25, 2021, production that was considered when this Court denied the prior motion to compel.

HaulStars needs the deposition testimony from the thirteen (13) noticed depositions (*see* D.I. 272 – 284) before it supplements its responses. Further, MGF has moved to quash two subpoenas (*see* D.I. 185-1 and D.I. 186-1) that would provide additional damages related information. Discovery is ongoing and HaulStars will continue to supplement Interrogatory Nos. 8-10 as required by the rules. *See Personal Audio, LLC v. Google LLC*, No. 1:17-cv-01751-CFC-CJB, 2018 WL 4502002, at *5 (D. Del. Sept. 20, 2018) (citing *THX, Ltd. v. Apple, Inc.*, Case No. 13-cv-01161-HSG (DMR), 2016 WL 2899506, at *8 (N.D. Cal. May 13, 2016) (requiring plaintiff to supplement responses to defendant's damages-related interrogatory "with the information currently available to it, subject to later supplementation based on additional information obtained through discovery")). Accordingly, MGF's Motion as to Interrogatory Nos. 8-10 should be denied.

B.  **MGF's Invalidity-Related Interrogatory Nos. 13 and 15-16**

MGF will be subject to the estoppel provision under 35 U.S.C. § 315(e)(2). That provision states in part, "[t]he petitioner in an inter partes review of a claim in a patent . . . may not assert either in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during the inter partes review." The IPRs filed by MGF covered all of the asserted claims and all reached final written decision. As such, MGF is estopped from asserting the vast majority of the art cited in its invalidity contentions. Forcing HaulStars to provide validity contentions on such art is pointless.

MGF's argument that validity contentions are routinely sought and provided lacks legal support. The only legal authority provided by MGF is a cherry-picked portion[3] of an oral order where the defendant was permitted to pick two (2) of the seven (7) asserted patents to receive validity contentions. *See* Motion at 5.

This District does not require validity contentions in its Local Rules and has denied requests by defendants to require a plaintiff to respond to a validity contention as an interrogatory. *See, e.g.*, *The Gillette Company v. Dollar Shave Club, Inc.*, C.A. No. 15-1158-LPS-CJB, RGA (D.I. 564) (D. Del. July 23, 2018) (denying defendants' "request with respect to validity contentions (Interrogatory No. 16)"). MGF's Motion as to Interrogatory Nos. 13 and 15-16 should be denied.

---

[3] *Conformis, Inc. v. DePuy Synthes, Inc.*, No. 1:21-cv-0640-RGA (D.I. 91) (D. Del. Dec. 12, 2022) ("**With respect to the two (2) asserted patents identified by Defendant**, by no later than 1/24/2023, Plaintiff shall provide to Defendant an identification of each specific claim limitation Plaintiff contends is not disclosed by the prior art cited in Defendant's invalidity contentions along with detailed support for each of Plaintiffs validity contentions.")(emphasis added on portion conveniently omitted by MGF).

3

### C. MGF's Infringement-Related Interrogatory Nos. 6 and 17

MGF's Motion should be denied as moot because HaulStars has and will supplement these interrogatories. HaulStars answered Interrogatory No. 6 on October 20, 2021. HaulStars supplemented Interrogatory No. 6 on December 8, 2021, February 21, 2022, and April 22, 2022. HaulStars answered Interrogatory No. 17 on January 31, 2022. HaulStars supplemented Interrogatory No. 17 on March 22, 2022. HaulStars inspected MGF's source code on November 23, 2021 and supplemented its infringement contentions with references to the source code on December 9, 2021 and February 21, 2022.

HaulStars intends to further supplement these interrogatories after the depositions in this case. The parties have not taken a single substantive party deposition in this case. HaulStars needs the deposition testimony from the ten (10) noticed depositions to further supplement its infringement-related responses. HaulStars has been diligently supplementing its infringement allegations.

MGF's Motion as to Interrogatory Nos. 6 and 17 should be denied.

## II. MGF'S MOTION TO COMPEL THE CALLOWAY DEPOSITION SHOULD BE DENIED AS MOOT

HaulStars is no longer asserting the claims of the '288 Patent in this case.[4] As detailed in MGF's Motion, the deposition only concerns the '288 Patent and Mr. Calloway's inventorship. *See* Motion at 6. Thus, the deposition of Mr. Calloway is no longer necessary. Accordingly, MGF's Motion to Compel the deposition should be denied as moot.

---

[4] As with other instances of narrowing the patents and claims asserted in this case, HaulStars reserves the right to re-assert these claims if good cause exists for such re-assertion.

4

### III. CONCLUSION

For the foregoing reasons, HaulStars respectfully requests that Defendants' Motion to Compel Discovery Responses and Deposition be denied in its entirety.

Dated: March 2, 2023

Public Version Filed:
March 9, 2023

Respectfully submitted,

By: /s/ Kasey H. DeSantis
Kasey H. DeSantis (#5882)
**FOX ROTHSCHILD LLP**
Citizens Bank Center
919 N. Market Street, Suite 300
Wilmington, DE 19899
Tel: 302-622-4205
kdesantis@foxorothschild.com

Of Counsel:
Fred I. Williams
Texas State Bar No. 00794855
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1376

Todd E. Landis
Texas Bar No. 24030226
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512.543.1357

John Wittenzellner
Pennsylvania Bar No. 308996
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

*Attorneys for Plaintiff Scorpcast, LLC
dba HaulStars*